IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CATHERINE McNEILLY.

      Plaintiff,

      v.

THE CITY OF PITTSBURGH, NATHAN
HARPER, both in his official capacity as the
Chief of the Pittsburgh Bureau of Police and in
his individual capacity, and LUKE
RAVENSTAHL, both in his official capacity
as the Mayor of the City of Pittsburgh and in
his individual capacity,

      Defendants.

Civil Action No. 06-1685
Ambrose, C.J.

## AWARD OF ARBITRATOR

AND NOW this _19th_ day of October 2007, after a careful review of the Plaintiff's Petition for Attorneys' Fees, Defendants' Reply to Plaintiff's Petition for Attorneys' Fees, and Plaintiff's Response, along with the documents submitted by the parties, the Arbitrator finds as follows,

    1.    Plaintiff, Catherine McNeilly, is the prevailing party under the Civil Rights Act, 42 U.S.C. §1983, and the Pennsylvania Whistleblower Act, 43 Pa.C.S. §1423, and is entitled to an award of counsel fees pursuant to 42 U.S.C. §1988, which is consistent with the "community market rate rule" of *Student Public Interest Research Group v. AT&T Bell Laboratory*, 842 F.2d 1436, 1441 (3d Cir. 1988);

    2.    The hourly rates claimed by Timothy P. O'Brien, Esquire, ($400), Jere Krakoff, Esquire, ($400), Witold J. Walczak, Esquire, ($400), and Sara Rose, Esquire, ($225), are fair reasonable and appropriate for lawyers of their skill and experience in a civil action involving

difficult questions of law and fact, and the hourly rates claimed by McNeilly's lawyers are consistent with the community market rule promulgated by the Court of Appeals;

    3.    The hourly rates claimed by McNeilly's lawyers are comparable to the billing rates of lawyers with their skill and experience in the private business sphere in this community, and their rates are consistent with the billing rates of lawyers practicing in the United States District Court for the Western District of Pennsylvania;

    4.    In reviewing the hours expended by McNeilly's lawyers in prosecuting this action, we have deducted the following items or hours because we find that the time is either unnecessary, duplicative, redundant or performed by other counsel:

    A.    <u>Timothy P. O'Brien</u>, Esquire: Items: 42 (-5 hrs), 56 (-4 hrs), 60 (-4 hrs), 62 (-2 hrs), 67 (-4 hrs), 76 (-3 hrs), and 82 (-1 hr)= 23 hours;

    B.    <u>Witold J. Walczak</u>, Esquire: Items: 15 (-4 hrs), 30 (-6 hrs), 31 (-6 hrs), 32 (-6 hrs), 35 (-5 hrs), 36 (-5 hrs), 48 (-4 hrs), 50 (-3 hrs), and Sept 2007 (-3 hrs)=42 hours;

    C.    <u>Jere Krakoff</u>, Esquire: Dec. 19 (-1 hr), 20 (-1 hr), 28 (-1 hr), 29 (-2 hrs), 30 (-1 hr), 31 (-1 hr) 2006, Jan. 1 (-1 hr), 2 (-3 hrs), 4 (-4 hrs), 8 (-4 hrs), 9 (-2 hrs) and 10 (-2 hrs) 2007=23 hours; and

    D.    <u>Sara Rose</u>, Esquire: Dec. 19 (-1 hr), 20 (-2 hrs) 2006, Jan. 2 (-1 hr) and 3 (-2 hrs) 2007=6 hrs.

IT IS THEREFORE ORDERED that Timothy P. O'Brien, Esquire, shall be and hereby is awarded the sum of $65,800 for counsel fees and $2,676 for costs, which we find are fair, reasonable and appropriate.

IT IS FURTHER ORDERED that Witold J.Walczak, Esquire, shall be and hereby is awarded the sum of $44,600 for counsel fees and $2,157 for costs, which we find are fair, reasonable and appropriate.

IT IS FURTHER ORDERED that Jere Krakoff, Esquire, shall be and hereby is awarded the sum of $23,200 for counsel fees, which we find is fair, reasonable and appropriate.

IT IS FINALLY ORDERED that Sara Rose, Esquire, shall be and hereby is awarded the sum of $9,135, which we find is fair, reasonable and appropriate.

_____
Donald E. Ziegler - Arbitrator